IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUAN DIAZ, JR., | : | |
| | : | 1:12-cv-2520 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| ATTORNEY GENERAL | : | |
| ERIC HOLDER, *et al.,* | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

### February 7, 2013

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS**:

Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Martin C. Carlson (Doc. 9) recommending that we dismiss the amended complaint of *pro se* Plaintiff Juan Diaz, Jr. ("Plaintiff" or "Diaz") with prejudice and close this case. Diaz filed submissions with the Court that, although not titled as such, we have construed as objections to the R&R. (Docs. 14 and 15). Accordingly, this matter is ripe for our review and disposition. For the reasons that follow, we shall adopt the Magistrate Judge's recommendation in its entirety.

## I. STANDARD OF REVIEW

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## II. DISCUSSION

This case is one of a series of three recently filed by Diaz. Diaz commenced this action by filing a complaint, which Magistrate Judge Carlson initially screened and recommended be dismissed without prejudice to the Plaintiff filing an amended complaint. (Docs. 6, 8). Plaintiff thereafter filed an amended complaint (Doc. 7) and Magistrate Judge undertook a screening review of the same pursuant to 28 U.S.C. §1915A within the instant R&R. (Doc. 9).

In this action Plaintiff, a Massachusetts state prisoner housed in federal custody at United States Penitentiary-Allenwood, invites the Court to grant relief that would arguably require federal prison libraries to maintain legal resources from all fifty states. Plaintiff complains that by virtue of his incarceration in a Pennsylvania federal prison, he has no access to Massachusetts state legal materials, and is thereby unable to assist his lawyer with pending Massachusetts criminal proceedings. While it is true that an inmate's access to the courts is protected by the First Amendment to the United States Constitution, this protection is not without boundaries. *See Bounds v. Smith*, 430 U.S. 817, 827 (1977)("[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."). It is well-settled that "where state prisoners are held in federal custody, federal officials need not provide them with state legal materials." *See Corgain v. Miller*, 708 F. 2d 1241, 1250-51 (7th Cir. 1983); *Brown v. Smith*, 580 F. Supp. 1576, 1578 (M.D. Pa. 1984)(holding that federal authorities are not responsible for providing state legal materials in federal penal institutions); *see also Abraham v. Danberg*, 322 Fed. Appx. 169, 170 (3d Cir. 2009)(denying

access to courts claim based upon lack fo access to out of state legal materials finding no demonstrable prejudice).

Moreover, where, as here, the inmate is represented by a lawyer, "the prisoner's right to access to the courts is vindicated." *Peterkin v. Jeffes*, 855 F. 2d 1021, 1042 (3d Cir. 1988); *see also Cook v. Boyd*, 881 F. Supp. 171 176 (E.D. Pa. 1995). Courts have repeatedly held that access-to-courts claims like those advanced here fail as a matter of law when it is shown that the plaintiff had the assistance of court-appointed counsel. *See Tinsley v. Del Rosso,* 2008 WL 2236598 (D.N.J. May 30, 2008); *Tormasi v. Hayman*, 2008 WL 1995125 (D.N.J. May 6, 2008); *Annis v. Fayette County Jail*, 2008 WL 763735 (W.D. Pa. Mar. 20, 2008); *Hunter v. Shoupe*, 2007 WL 120030 (W.D. Pa. Jan. 10, 2007); *United States ex. rel. Russell v. Hendrick*, 376 F. Supp. 158 (E.D. Pa. 1974).

Accordingly, based on all of the foregoing, we agree with Magistrate Judge Carlson that Plaintiff's access-to-courts claim fails as a matter of law. Not only are federal prisons not required to maintain out of state legal materials in their law libraries, but Plaintiff is represented by counsel in the Massachusetts proceedings, thus he suffers no harm by not having access to Massachusetts legal resources. The Plaintiff's amended complaint (Doc. 7) shall be dismissed with prejudice, given that Plaintiff has already once amended his complaint and granting him leave

4

to do so again would be futile. *See Alston v. Parker*, 363 f. 3d 229, 235 (3d Cir. 2004). An appropriate Order shall issue.